**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raphael ORDAZ, Defendant–Appellant.**

**No. 97–10312.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 1998.

Decided June 5, 1998.

Thomas Jacobs, Tucson, AZ, for defendant-appellant.

Joelyn Marlowe, Virginia C. Kelly, Asst. U.S. Attys., Tucson, AZ, for plaintiff-appellee.

Before: NOONAN and TROTT, Circuit Judges, and WALLACH,* Judge.

NOONAN, Circuit Judge:

Raphael Ordaz conditionally pleaded guilty to charges of conspiracy to possess marijuana with intent to distribute and to possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). The condition was that he be permitted to appeal the ruling of the district court denying his motion to suppress the evidence.

### FACTS AND PROCEEDINGS

On the evening of October 24, 1996 Norman Heredia, a dispatcher for the United States Border Patrol, was operating a television camera surveilling the border between the United States and Mexico from a location in Nogales, Arizona. Shortly before 7:30 sensors indicated activity at the border fence. Heredia's camera picked up two men carrying what appeared to be a bag or bundle to a

place where it was apparently put in a vehicle. A tree blocked his vision, so Heredia could not determine the vehicle's make.

Heredia notified field agents of the Border Patrol that a possible narcotics violation was in process and prepared them to stop cars coming from the immediate area where Heredia had observed the two men. In the next few minutes six cars emerged from the top of East Street, the only way out of the place where the men had been seen. Of these, Heredia eliminated a van which had not been in the area. Agent Sachs did not stop a Tercel because he saw only a woman with children inside. The other four vehicles, a minivan, a LTD, a small pickup, and a white Pontiac were stopped. The Pontiac belonged to Ordaz. When Agent Schmelzinger asked him for permission to look into the trunk, Ordaz consented. Two packages of marijuana were within. The time was 7:40 p.m.

On this appeal Ordaz argues that the stop was a violation of the Fourth Amendment. He amplifies the argument by noting that the Border Patrol did not know which vehicle to stop and that four very dissimilar vehicles were, in fact, stopped.

Ordaz's contention is unavailing. The Border Patrol had at least reason to suspect a crime had been committed and to believe that the driver of one of the four cars seen coming from the area of suspicious activity was carrying out the crime. In context the check that was run falls well within the guidelines established by *Michigan Department of State Police v. Sitz*, 496 U.S. 444, 110 S.Ct. 2481, 110 L.Ed.2d 412 (1990), and *United States v. Martinez–Fuerte*, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976). Expectation of privacy in an automobile is significantly different from the expectation of privacy within a home. *Martinez–Fuerte*, 428 U.S. at 561, 96 S.Ct. 3074. No warrant was necessary to authorize the stop. *Id.* The likelihood of intercepting a criminal enterprise was clearly articulable. *See Sitz*, 496 U.S. at 455, 110 S.Ct. 2481.

* Honorable Evan J. Wallach, Judge, U.S. Court of International Trade, sitting by designation.

Accordingly, the judgment of conviction is **AFFIRMED**.